|, SAUNDERS, J.
This is an appeal from a decision of the Office of Worker’s Compensation granting *858 the defendants’ exception of prescription and dismissing all claims. For the following reasons, we reverse.

FACTS

On March 20, 1992, Allen Touchet suffered back injuries during an accident which occurred while in the course and scope of his employment with Wedge Wireline, Inc. Subsequently, Mr. Touchet received temporary total disability benefits totaling $295.00 per week from his employer. In June 1994, these benefits were [¡.reduced to $200.00 per week. Defendants, Wedge Wireline, Inc. and its insurer, Fidelity Casualty Company, characterize this reduction as representing a shift from temporary total disability benefits to supplemental earnings benefits. These benefits were never terminated and continue to be paid to Mr. Touchet.
On March 18, 1997, Mr. Touchet filed suit claiming arbitrary and capricious reduction in benefits by defendants and demanding reinstatement of original benefits, payment of all past due amounts since the reduction, penalties, interest, and attorney’s fees. Thereafter, defendants filed an exception of prescription as to all claims made for past due benefits that became due more than one year prior to the filing of the suit.
The workers’ compensation judge sustained the exception of prescription dismissing all claims for workers’ compensation benefits that may have accrued prior to March 20,1996, and ordering plaintiff to pay all costs. Mr. Touchet filed this appeal.

DISCUSSION

The sole issue on appeal involves whether a claim for arbitrary and capricious reduction in workers’ compensation benefits is prescribed if filed more than one year after such reduction while payments are ongoing. Because we find La.R.S. 23:1209 to clearly address this issue, we hold that Mr. Touchet’s claim is not barred by prescription and reverse the decision of the workers’ compensation judge.
La.R.S. 23:1209(A) states in part:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one Isyear from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). (Footnote omitted.)
(Emphasis ours)
As shown above, the term “payment” is used generically in the statute to refer to any compensation payment. La. R.S. 23:1209 specifically states that “the limitation shall not take effect until the expiration of one year from the time of making the last payment.” Therefore, each compensation payment interrupts the prescriptive period for another year. Since compensation payments made to Mr. Touchet were only reduced and never terminated, the one year prescriptive period never commenced. Thus, his claim cannot be said to have prescribed.
Defendants argue that because La.R.S. 23:1209(A) contains a special provision regarding a longer prescriptive period for supplemental earnings benefits, the one year period applies only to other types of compensation, and, thus, since the plaintiff did not make a claim within one year of the termination of total temporary disability benefits, his claim is now barred. Admittedly, La.R.S. 23:1209(A) does provide a special prescriptive period of three years *859 for claims involving supplemental earnings benefits defined in La.R.S. 23:1221(3); however, this longer period was adopted in order to provide those claimants attempting to resume work more time to make additional claims in the event it would become necessary to do so in the future. In no way does the longer period change the fact that compensation payments to Mr. Touchet never ceased and the prescriptive period never even began to run.
We find the meaning of La.R.S. 23:1209(A) to be unambiguous: Any temporary total disability payment, permanent total disability payment, supplemental earnings benefits payment, or permanent partial disability payment, shall stop the ^commencement of the running of prescription. Thus, we find the granting of the exception of prescription manifestly erroneous. We, therefore, reverse and remand this case for further proceedings consistent with this opinion. Wedge Wire-line, Inc. and Fidelity Casualty Company are assessed with all costs at the hearing level and of this appeal.
REVERSED AND REMANDED.